# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 23-2010V**

|  |  |
|---|---|
| VALERIE SNAMAN STOUT,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>            Respondent. | Chief Special Master Corcoran<br><br>Filed: February 9, 2026 |

*Ramon Rodriguez, III, Siri & Glimstad, LLP, Richmond, VA, for Petitioner.*

*James Connor Daughton, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On November 20, 2023, Valerie Snaman Stout filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a Table injury – shoulder injury related to vaccine administration as the result of an influenza vaccination received on November 13, 2021. Petition, ECF No. 1. On June 27, 2025, I issued a decision awarding compensation to Petitioner based on the Respondent's proffer. ECF No. 43.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $52,363.89 (representing $51,142.70 in fees plus $1,221.19 in costs). Application for Attorneys' Fees and Costs ("Motion") filed November 1, 2025, ECF No. 48. Furthermore, Petitioner filed a signed statement representing that she incurred no personal out-of-pocket expenses. ECF No. 48-1.

Respondent reacted to the motion on November 14, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but defers resolution of the amount to be awarded to my discretion. ECF No. 50 at 2-4. Petitioner filed a reply requesting an award of fees and costs as indicated in the motion. ECF No. 51.

I have reviewed the billing records submitted with Petitioner's requests and find a reduction in the amount of fees and costs to be awarded appropriate, for the reasons stated below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES AND COSTS

*A.  Hourly Rates*

The hourly rates requested by counsel's paralegals for all work performed herein are reasonable and shall be applied. However, Dr. Ramon Rodriguez, III, was recently awarded $547.00 for work performed in 2025. See *Coriale* v. *Sec'y of Health & Hum. Servs.,* No. 24-0328V, Slip Op. 51 (Fed. Cl. Spec. Mstr. January 16, 2026). Accordingly, I hereby reduce his rate herein to be consistent with *Coriale*, reducing the total amount of fees to be awarded by **$536.00**.[3] All other time billed to the matter appears reasonable and shall be awarded.

*B.  Litigation Costs*

Petitioner requests $1,221.19 in overall costs. ECF No. 48-2 and 48-4. Such costs reflect the expense of obtaining medical records, shipping costs, and the Court's filing fee. I have reviewed the requested costs and find the majority of them to be reasonable, with the exception of $90.00 in requested costs that have not been substantiated by any supporting documentation, such as an invoice or proof of payment.[4] ECF No. 57. When Petitioners fail to provide appropriate documentation to substantiate a requested cost, special masters have refrained from awarding the relevant sum. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005). Thus, I disallow reimbursement of such costs, reducing the total amount of litigation costs to be awarded by **$90.00.**

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs.

---

[3] This amount is calculated as follows: ($563.00 - $547.00 = $16.00 x 33.50 hours billed by attorney Rodriguez in 2025) = $536.00.

[4] The following dated entries reflect unsubstantiated costs: 1/7/2020 (two entries): "serve subpoena." ECF No. 48-2 at 2.

**Petitioner is awarded attorneys' fees and costs in the total amount of $<u>51,737.89</u> (representing $50,606.70 in fees plus $1,131.19 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[5]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.